**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUAN RIVERA, on his own behalf and**
**on behalf of those similarly situated,**

    **Plaintiff,**

vs.

                                    **Case No.:**

**FREEMAN SECURITY SERVICES,**
**INC., a Florida Corporation,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, JUAN RIVERA (hereinafter "Plaintiff") on his own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby sues the Defendant, FREEMAN SECURITY SERVICES, INC., (hereinafter referred to as "Defendant") and states as follows:

**INTRODUCTION**

1. This is an action to recover money damages for unpaid overtime wages, retaliation and additional damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiff seeks damages and a reasonable attorneys' fee.

2. This action is intended to include each and every "Security Officer" who worked for the Defendants at any time within the past three (3) years.

**JURISDICTION**

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The

Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## COVERAGE

4. Plaintiff is a resident of Kissimmee, Osceola County, Florida.

5. At all times relevant hereto (2016-2018), Plaintiff was an "employee" pursuant to 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act.

6. At all times relevant hereto, Plaintiff was a non-exempt employee of the Defendant, and regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

7. Defendant, FREEMAN SECURITY SERVICES, INC., is a Florida corporation which maintains its business operations, among others, in Orange County, Florida.

8. Defendant, FREEMAN SECURITY SERVICES, INC., is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

9. During all times material hereto, Defendant, FREEMAN SECURITY SERVICES, INC. was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

10. Based upon information and belief, the annual gross revenue of Defendant, individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

11. At all material times relevant to this action (2016-2019), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e. mechanical equipment, telephones, computers, pens, and paper).

12. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for the Defendant for which no provision was made

to properly pay Plaintiff for those hours in which overtime was required to be paid.

## GENERAL ALLEGATIONS

13. During all times relevant to this complaint, Plaintiff, and those similarly situated employees, were employed by Defendant.

14. The Plaintiff was employed for the Defendant from approximately 2012 through November 2018.

15. Plaintiff started as a Security Officer before rising to supervisor.

16. The Plaintiff was paid an hourly rate of $11.50 for his work.

17. Plaintiff, and those similarly situated employees, were never compensated for any work performed beyond forty (40) hours per week.

18. The Plaintiff, and those similarly situated employees, regularly worked an average of 60 hours per week for the Defendant.

19. Defendant did not compensate the Plaintiff, and those similarly situated employees, at one and a half times his hourly rate for any hours worked over 40 per workweek.

20. The Defendant and its representatives knew that Plaintiff, and those similarly situated employees, were working overtime and that federal law requires employees such as the Plaintiff to be compensated at time and one-half per hour for overtime pay.

21. In the course of their employment with Defendant, Plaintiff, and those similarly situated employees, worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek as required by the Fair Labor Standards Act.

22. The records concerning the number of hours actually worked by Plaintiff, and those similarly situated employees, and the compensation actually paid to them, are in the possession and

custody and control of Defendant, and Plaintiff, and those similarly situated employees, is unable to state at this time the exact amount due and owed to them. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

23. In 2018, Defendant was audited by the Department of Labor ("DOL").

24. During the audit, Defendant's owner tried to force Plaintiff to lie to the DOL on behalf of Defendant.

25. Specifically, the DOL had determined that Defendant owed Plaintiff a specified amount in unpaid wages.

26. In response, Defendant told Plaintiff to lie to the DOL by signing a document confirming Defendant issued the payment to Plaintiff *without* him actually taking the money.

27. Plaintiff outright refused to lie to the DOL.

28. In refusing to lie to the DOL, Plaintiff also told Defendant that the overtime premium money was indeed owed to him.

29. On November 15, 2018, shortly after Plaintiff refused to lie to the DOL on behalf of Defendant, he was terminated.

30. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay a reasonable fee for their services.

31. Plaintiff is entitled to reasonable attorneys' fees if he is the prevailing party in this action.

## **COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff and the class members performed the same or similar job duties as one another in that they provided security related services for Defendants.

33. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

34. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

35. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendant's failure to credit salary employees with all hours worked.

36. This policy or practice was applicable to Plaintiff and the class members.

37. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

38. Accordingly, the class members are properly defined as:

**All Security Officers who worked for Defendant, FREEMAN SECURITY SERVICES, INC., within the last three years who were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.**

39. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

40. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

42. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I:
### VIOLATION OF THE OVERTIME PROVISION OF THE
### FAIR LABOR STANDARDS ACT

43. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42 above.

44. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

45. Plaintiff regularly worked an average of 60 hours a week.

46. Defendant refused to compensate the Plaintiff for all hours worked in excess of 40 hours as required by the Fair Labor Standards Act.

47. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendant's willful violations of the Fair Labor Standards Act. Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant as follows:

(a) Awarding damages against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act. 29 U.S.C.§ 201 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff an equal amount representing/liquidated damages; and

(d) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(e) Granting such other and further relief this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II:
## RETALIATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

49. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-42, as if fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the FLSA.

51. Plaintiff was terminated by Defendant for refusing to lie for Defendant during a DOL audit.

52. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

55.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FLSA.

56.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant as follows:

i.   declaring that Defendant violated the aforementioned causes of action;

ii.   entering a judgment in Plaintiff's favor;

iii.   awarding back pay;

iv.   awarding front pay;

v.   awarding compensatory damages;

vi.   awarding attorney's fees and expenses; remove.

vii.   awarding prejudgment interests, and, if applicable, post-judgment interest;

viii.   awarding punitive Damages (when ultimately pled and approved by this Court);

ix.   awarding any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

57.   Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this ___23rd_____ day of July, 2019.

Respectfully submitted,

**s/ LOUIS MONTONE**
Carlos V. Leach, Esquire

FBN 0540021
Louis Montone, Esquire
FBN 0112096
THE LEACH FIRM,. P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: lmontone@theleachfirm.com
*Attorneys for Plaintiff*